UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Elaine L. Chao, Secretary of Labor, United States Department of Labor, Plaintiff, | CA 08 133S |
| v. | CIVIL ACTION |
| Haven Health Center of Coventry, LLC, Haven Eldercare of New England, LLC, and Haven Eldercare, LLC, Defendants. | FILE NO. |

## COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of sections 7, 11, 12 and 15(a)(2), 15(a)(4) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 USC 1345.

II.

Defendant Haven Health Center of Coventry, LLC, is and at all times hereinafter mentioned was a Connecticut corporation headquartered at 245 Long Hill Road, Middletown, Connecticut with an office and place of business at 10 Woodland Drive in Coventry, Rhode Island within the jurisdiction of this Court. Defendant is now, and at all times hereinafter

mentioned was, engaged at that Coventry, Rhode Island place of business in the operation of a nursing home.

III.

Defendant Haven Eldercare of New England, LLC is and at all times hereinafter mentioned was a Connecticut corporation headquartered at 245 Long Hill Road, Middletown, Connecticut. Defendant is now, and at all times hereinafter mentioned was, engaged in the ownership and operation of multiple nursing homes throughout New England, including the aforesaid defendant Haven Health Center of Coventry, LLC, which operates a nursing home at 10 Woodland Drive in Coventry, Rhode Island within the jurisdiction of this Court.

IV.

Defendant Haven Eldercare, LLC is and at all times hereinafter mentioned was a Connecticut corporation headquartered at 245 Long Hill Road, Middletown, Connecticut. Defendant is now, and at all times hereinafter mentioned was, engaged in the ownership and operation of other nursing home entities, including the aforesaid defendant Haven Eldercare of New England, LLC. Both directly and through the aforesaid defendant Haven Eldercare of New England, LLC, defendant Haven Eldercare, LLC is and at all times hereinafter mentioned was engaged in the ownership and operation of multiple nursing homes throughout New England, including the also-aforesaid defendant Haven Health Center of Coventry, LLC, which operates a nursing at 10 Woodland Drive in Coventry, Rhode Island within the jurisdiction of this Court.

V.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are and at all times hereinafter mentioned were an enterprise within the meaning of section

3(r) of the Act.

VI.

At all times hereinafter mentioned, defendants have been engaged in the operation of institutions primarily engaged in the care of the sick, the aged, and/or the mentally ill or defective who reside on the premises of such institutions. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

VII.

Defendants have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

VIII.

Defendants willfully and repeatedly violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

IX.

Defendants, since on or about July 2, 2005, willfully and repeatedly violated the provisions of sections 12 and 15(a)(4) of the Act by employing oppressive child labor in an

enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act. Defendants employed oppressive child labor in that they employed persons then under 18 years of age in an occupation involving operation of power-driven paper box compactors, which the Secretary has found to be particularly hazardous for the employment of such persons, in violation of regulations duly issued pursuant to the Act and published in the Federal Register and known as 29 CFR 570.63 (Hazardous Order 12).

X.

During the period since June 5, 2005 defendants willfully and repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from violating the provisions of sections 7, 11(c) and 12 of the Act, as well as sections 15(a)(2), 15(a)(4) and 15(a)(5) and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of compensation found by the court to be due under the Act to employees, together with interest thereon from the date such back wages became due until the date back wages are finally paid, and costs.

XI.

During the period since June 5, 2005 defendants willfully and repeatedly violated and are violating the aforesaid provisions of the Act. An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment

of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A", plus an equal amount as liquidated damages, and costs.

Post Office Address:
U.S. Department of Labor
Office of Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL:(617)565-2500
FAX:(617)565-2142

Gregory F. Jacob
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Constance B. Franklin
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

**Exhibit A**

Adeniyi, Adebayo
Alexander, Georgia W.
Caplette, Suzanne
Castillo, Patricia
Champagne, Laura
Clark, Suzanne
Cody, Nancy
Costa, Dorothy
Coughlin, Carol E.
DeBellis, Doreen
Elliot, Michelle
Fratus, Michelle
Giardina, Carol
Greene, Jane
Jensen, Denise
Kaiser, Marilyn
Kiddy, Shannon
King, Amanda
Kirkland, Jeanne
Kozlin, Inga
Laboissonniere, Audrey
Lasasso, Shirley
Leonard, Barbara
Lutrario, Janet
Marini, Tara
Meagher, Sandra
Mundy, Kathleen
Nagel, Kathleen
Norato, Joseph
Olsen, Ronald
Pacheco, Lynn Deniger
Paquette, Donna
Quaranta, Daniella
Rodger, Judy
Russell, Bonnie Jean
Sechio, Gretchen
Sicard, Christina
Silva, Ana
Simmons, Linda
Smith, Lynn
Smithers, Linda
St. Sauveur, Suzanne
Thayer, Denise
Triggs, Sheila
Tucker, Robin
Vadeboncoeur, Marti Herring
Verville, Brenda
Webb, Josefina

Elaine Chao, Secretary of Labor,
United States Department of Labor
v
Haven Health Center of **Coventry**, LLC,
Haven Eldercare of New England, LLC, and
Haven Eldercare, LLC

Exhibit A